# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JASON BUI,
KHANE SISONGKHAM
 a/k/a TOO SHORT,
OSCAR RODRIGUEZ, JR.,
ALBERTO E. RODRIGUEZ and
DEREK L. WEAVER,

    Defendants.

Case No. 09-Cr-91

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE CHARLES N. CLEVERT
## RE: DEFENDANT JASON BUI'S MOTION TO SUPPRESS POST ARREST STATEMENTS AND EVIDENCE

## NATURE OF CASE

On April 7, 2009, a federal grand jury sitting in this district returned a two-count indictment against the above-named defendants and a four count superseding indictment was returned by the grand jury on May 5, 2009. Count One of the superseding indictment charges all of the defendants with conspiracy to possess with intent to distribute and distribution of a controlled substance containing marijuana, a Schedule 1 controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. All of the defendants, with the exception of defendant Derek Weaver, are named in Count Two with possession with intent to distribute a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) "and

*Pinkerton v. United States,* 328 U.S. 640 (1976)" (sic).[1]  In addition, defendant Alberto E. Rodriguez is charged in Counts Three and Four with drug offenses.  The defendants appeared for arraignment and entered pleas of not guilty to the charges.

On May 12, 2009, defendant Jason Bui filed a motion to suppress evidence based on the alleged failure of the state search warrant to establish probable cause.  (Docket #44).  On the same day, he filed a motion to suppress post-arrest statements.  (Docket #45).

## **MOTION TO SUPPRESS POST-ARREST STATEMENTS**

On May 27, 2009, the court conducted an evidentiary hearing on defendant Bui's motion to suppress post-arrest statements.  Manitowoc Police Detective David McCue and Manitowoc Police Lieutenant David Remiker testified on behalf of the government at the hearing.

Based on the testimony at the hearing and the court's review of video-taped interviews of defendant Bui conducted on January 22 and 23, 2009, the court found that the defendant was properly advised of his Miranda[2] rights and waived those rights.  The court further found that the law enforcement officers did not initiate further conversation with defendant Bui after he stated during the first interview on January 23, 2009, that he wanted his lawyer present.  Rather, the court concluded that defendant Bui, after a conversation with his friend, Amy Felber, stated that he wanted to cooperate and initiated contact with law enforcement officers.  As the court noted in its decision on the record at the hearing, in Edwards v. Arizona, 451 U.S. 477, 484-85 (1981), the Supreme Court held that if an accused invokes his right to counsel,

---

[1] This case actually was decided in 1946.

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

he "is not subject to further interrogation until counsel has been made available to him, unless the accused himself initiates further communication." The court concluded that defendant Bui initiated further communication with the officers.

The court articulated its findings in greater detail on the record at the conclusion of the evidentiary hearing. Accordingly, for the reasons stated on the record and summarized herein, the court recommends to United States District Judge Charles N. Clevert that defendant Bui's motion to suppress his post-arrest statements be denied.

### MOTION TO SUPPRESS EVIDENCE: FAILURE OF STATE SEARCH WARRRANT TO ESTABLISH PROBABLE CAUSE

Defendant Bui seeks suppression of all items seized during the execution of a no-knock state search warrant on January 22, 2009, at 6401 N. 40th Street in Milwaukee, Wisconsin. He asserts that the evidence was obtained in violation of the Fourth Amendment because the affidavit in support of the warrant lacked sufficient details about the informant's reliability and, therefore, the warrant was not supported by probable cause. Specifically, the defendant asserts that the information provided by the confidential informant lacks sufficient detail, it is unclear whether the information was based on personal knowledge and the information lacked insufficient independent police corroboration. In addition, the defendant points out that the informant did not testify before the state court commissioner who issued the warrant.

The government asserts that the search warrant was supported by probable cause. The government further contends that even if the court finds that the search warrant lacked probable cause, the evidence obtained is not subject to suppression because the law enforcement offices relied on the warrant in good faith. The government cites United States v. Leon, 468 U.S. 897, 920 (1984), in support of its position.

On May 27, 2009, this court issued a recommendation to United States District Judge Charles N. Clevert on co-defendant Khane Sisongkham's motion to suppress evidence of the search of the same residence at 6401 N. 40th Street. In its recommendation, the court concluded that the affidavit in support of the warrant sufficiently established the reliability of the informant. While noting that more information about the informant's basis of knowledge would have provided stronger support for issuance of the warrant, the court concluded that under the totality of the circumstances, the information provided by the informant, along with the marijuana residue and marijuana packaging material found during the garbage search at that residence the prior day, sufficiently established probable cause for the search. (Courts Recommendation on Defendant Sisongkham's Motion to Suppress Evidence at 7).

The court further concluded that even if the affidavit in support of the search did not establish probable cause to believe that evidence of a crime would be found at the residence, suppression of the evidence is not warranted, citing Leon, 468 U.S. at 926. Id. at 8. Therefore, the court recommended that defendant Sisongkham's motion to suppress evidence be denied.

The arguments raised in defendant Bui's motion to suppress were addressed in the court's prior recommendation to the district judge. Accordingly, there is no need to reiterated those arguments in this recommendation. The court hereby adopts its recommendation with respect to defendant Sisongkham's motion to suppress as its recommendation on defendant Bui's motion to suppress evidence. Specifically, the court recommends to United States District Judge Charles N. Clevert that defendant Bui's motion to suppress be denied. (Docket #44).

**CONCLUSION**

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Jason Bui's motion to suppress evidence for failure of the state search warrant to establish probable cause. (Docket #44).

**IT IS FURTHER RECOMMENDED** that the United States district judge enter an order **denying** defendant Bui's motion to suppress post-arrest statements. (Docket #45).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 29th day of May, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge